# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NYANATI JERMAINE NEUFVILLE,<br>Plaintiff,<br><br>v.<br><br>TIMOTHY MCGANN, THEODORE MICHAEL, JAMES BAUM, individually and in his official capacity as an Assistant Attorney General, KATE REVENS, individually and in her official capacity as an Assistant Attorney General, PETER NERONHA, in his official capacity as Attorney General of Rhode Island, STATE OF RHODE ISLAND,<br>Defendants. | C.A. No. 19-81-JJM-LDA |

## ORDER

Nyanati Jermaine Neufville, proceeding *pro se*, sues the Defendants, alleging violations of his civil rights under 42 U.S.C. § 1983 and conspiracy to interfere with his civil rights under 42 U.S.C. § 1985.[1] ECF No. 6. This is not the first complaint filed by Mr. Neufville in this Court. Mr. Neufville filed a Complaint (ECF No. 1) on February 21, 2019 and an Amended Complaint (ECF No. 3) as a matter of right, on March 12, 2019. The Amended Complaint was dismissed by the Court for a failure to state a claim upon which relief can be granted. ECF No. 5.

---

[1] The Defendants are: Timothy McGann, Theodore Michael, the State of Rhode Island, Peter Neronha, in his official capacity as Attorney General of Rhode Island, James Baum, individually and in his official capacity as an Assistant Attorney General, and Kate Revens, individually and in her official capacity as an Assistant Attorney General.

Mr. Neufville filed a Second Amended Complaint (ECF No. 6), which included as new defendants, the State of Rhode Island and Peter Neronha. The Defendants move to dismiss the Second Amended Complaint based on the statute of limitations, immunity, judicial estoppel, and a failure to state a claim upon which relief can be granted. ECF Nos. 15 and 21.

Because the Court finds that judgment in favor of Mr. Neufville would necessarily imply the invalidity of a criminal conviction (that has not already been invalidated), it must dismiss these claims. *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994).

Mr. Neufville also filed a Motion to Hold in Abeyance (ECF No. 22), pending the resolution of his habeas petition under 28 U.S.C. § 2254 in C.A. No. 19-441-JJM-LDA. The Court dismissed that petition on October 25, 2019 (ECF No. 6 in C.A. No. 19-441-JJM-LDA) and thus denies this motion as moot.

*ANALYSIS*

The claims in Mr. Neufville's Second Amended Complaint, for which he is seeking money damages, center on his conviction for an unspecified crime in Rhode Island. *See* ECF No. 6. Specifically, Mr. Neufville claims that the Defendants "conspired to and manipulated and fabricate[d] evidence" and engaged in "investigational" and "prosecutorial" misconduct "in an effort to ascertain a guilty verdict" against him. *Id.* at ¶¶24, 27, 34, 35, 43, and 48. Such claims, however, are barred by the Supreme Court's holding in *Heck*.

In *Heck*, the Supreme Court found that a plaintiff could not recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid", if the conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486–87; *see also McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019); *Amaker v. Weiner*, 179 F.3d 48, 51-52 (2d Cir. 1999) (finding principle established in *Heck* extends to suits also brought under 42 U.S.C. § 1985). Because Mr. Neufville has not shown that his conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by an issuance of a writ of habeas corpus, his claims are barred by *Heck* and thus must be dismissed.

*CONCLUSION*

For the reasons stated, the Court GRANTS the Defendants' motions to dismiss (ECF Nos. 15 and 21) and the Court DENIES Mr. Neufville's Motion to Hold in Abeyance (ECF No. 22).

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

November 18, 2019

3